UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTWAN SHANNON, | : |
| Petitioner, | : Civil No. 20-2901 (KM) |
| v. | : **OPINION** |
| BRUCE DAVIS, et al., | : |
| Respondents. | : |

**KEVIN MCNULTY, U.S.D.J.**

**I.    INTRODUCTION**

Pro se petitioner Antwan Shannon, a state prisoner at New Jersey State Prison in Trenton, New Jersey, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. The State moves to dismiss the petition as untimely. DE 5. For the reasons below, the motion is granted, Shannon's petition is dismissed, and no certificate of appealability shall issue.

**II.   BACKGROUND**

In October 2008, Shannon was convicted of first-degree murder and related offenses arising from the robbery of a convenience store and the murder of the store's owner, Fidalina Claros. DE 5-4 (judgment); DE 5-6 (*State v. Shannon*, No. A-2082-08T3 (App. Div. December 3, 2010)). He was sentenced to an aggregate term of life imprisonment with a 30-year period of parole ineligibility. DE 5-4 at 1. On December 3, 2010, the Superior Court of New Jersey, Appellate Division, affirmed. *State v. Shannon*, No. A-2082-08T3, 2010 WL 4904956 (N.J. Super. Ct. App. Div. Dec. 3, 2010). Certification was denied on April 14, 2011. *State v. Shannon*, 205 N.J. 519, 16 A.3d 384 (2011).

More than a year later, on May 10, 2012, Shannon filed a pro se petition for post-conviction relief ("PCR") in state court arguing ineffective assistance of counsel. DE 5-8. The PCR court denied the petition on December 6, 2012. *Id.* at 1. Shannon appealed on March 11, 2013. DE 5-9. The Appellate Division affirmed on May 21, 2014. *State v. Shannon*, No. A-3126-12T3, 2014 WL 2106496 (N.J. Super. Ct. App. Div. May 21, 2014). Certification was denied on November 14, 2014. *State v. Shannon*, 220 N.J. 98, 103 A.3d 265 (2014).

While the appeal of the denial of the first PCR petition was pending, on November 1, 2013, Shannon filed a second PCR petition, again arguing ineffective assistance. DE 5-12. The PCR court dismissed that petition on January 15, 2014, because the ineffective assistance claim had been addressed and denied in the first petition. *Id*. He did not appeal. *State v. Shannon*, No. A-3018-17T3, 2020 WL 359671, at *1 (N.J. Super. Ct. App. Div. Jan. 22, 2020).

Shannon then filed a third PCR petition about a year later, on January 13, 2015, again arguing ineffective assistance. DE 5-13. The PCR court denied that petition on June 2, 2015, as barred by New Jersey Rule 3:22-4(b) because the claims had been addressed and adjudicated in the first petition. *Id*. The Appellate Division affirmed on January 22, 2020. *State v. Shannon*, 2020 WL 359671, at *1.

Shannon filed this habeas petition on March 13, 2020, arguing, *inter alia*, ineffective assistance of both trial and PCR counsel. DE 1 at 4–13. In May 2022, I ordered the State to either answer or move to dismiss the petition. DE 3. On June 20, 2022, the State moved to dismiss, arguing that the petition is untimely because it was not filed within the one-year time limitation of 28 U.S.C. § 2244(d). DE 5-1 at 4–6. By letter filed October 6, 2022, Shannon responded, arguing that the State "was ordered to respond to . . . each factual and legal allegation of the petition," yet had not done so. DE 6. Given Shannon's pro se status, by order dated November

28, 2022, I clarified that the State had been permitted to *either* "file a motion to dismiss the petition on timeliness grounds" (DE 3 at 1) *or* "file a full and complete answer to all claims asserted in the petition" (id. at 2), and that the State had chosen to do the former. In light of the apparent misunderstanding, I afforded Shannon an additional 30 days, i.e., until December 23, 2022, to either file an opposition to the motion or inform the Court that he would not file an opposition. DE 7. I further warned Shannon that if no response were received, the motion to dismiss would be treated as unopposed. *Id*.

Two weeks after that adjourned deadline, on January 4, 2023, Shannon requested an additional 60 days to oppose the motion. (DE 8) I granted that additional extension (DE 9), thereby making his opposition due by March 6, 2023. No opposition has been received. I therefore will treat the motion as fully briefed and ripe for decision. For the reasons stated herein, the petition is dismissed; and no certificate of appealability shall issue.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996), established a one-year statute of limitations for habeas corpus petitions brought pursuant to 28 U.S.C. § 2254, which begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" includes the 90-day period in which a petitioner could have but did not file a petition for certiorari with the United States Supreme Court. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled during the pendency of "properly filed" application for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) ("[T]o fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'") (citation omitted). A PCR application is considered "pending" during the period between a lower state court's denial of the petition and the deadline for a petitioner to timely appeal that decision, regardless of whether the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). It is not, however, "pending" during the period between "the expiration of time under state law in which a state prisoner could have timely appealed (but did not) a trial court's denial of a PCR petition," and "a state prisoner's submission of a motion for leave to file a PCR appeal 'as within time.'" *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 264 (3d Cir. 2022). "Section 2244(d)(2)'s tolling mechanism looks forward, not backward, and a state court's acceptance of an appeal 'as within time' does not rewind AEDPA's one-year clock." *Id.*; *see also Georges v. Bartkowski*, No. CV 10-6300, 2021 WL 4902021, at *3 (D.N.J. Oct. 21, 2021) ("[T]hat a late notice of appeal is accepted *nunc pro tunc* does nothing to correct the fact that no state court PCR petition was 'pending' during the intervening time and thus does not grant the petition statutory tolling which otherwise does not apply."). Further, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the

4

denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Shannon's petition for certification on direct review was denied on April 14, 2011. *Shannon*, 205 N.J. 519, 16 A.3d 384 (2011). Thus, his conviction became final for purposes of the one-year limitations period 90 days later, when his time to petition the United States Supreme Court for certiorari expired. *Ross*, 712 F.3d at 798; 28 U.S.C. § 2244(d)(1)(A). That date, July 13, 2011, is when the clock began to run on the time for filing a habeas petition.

Some 302 days later, on May 10, 2012, Shannon filed his first PCR petition (DE 5-8), which was denied on December 6, 2012. *Id*. Peterson's notice of appeal was due 45 days later, on January 20, 2013. *See Georges v. Bartkowski*, No. CV 10-6300, 2021 WL 4902021, at *2 (D.N.J. Oct. 21, 2021) ("In New Jersey, a notice of appeal for the denial of a PCR petition is due within forty-five days of the date on which the PCR petition was denied.") (citing N.J. Ct. R. 2:4-1). Shannon did not file his notice of appeal, however, until March 11, 2013. DE 5-9. Accordingly, the limitation period ran for another 50 days, i.e., from January 20, 2013 (when the notice of appeal should have been filed) until March 11, 2013 (when it was filed). *See Martin*, 23 F.4th at 264 ("While it is true that a state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding . . . it does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct."); *Georges*, 2021 WL 4902021, at *2 ("where a New Jersey prisoner fails to file a timely notice of appeal under New Jersey's forty-five (45) day rule, his petition remains pending for the forty-five (45) days during which he could have filed a timely appeal from the denial of his PCR petition, but is not 'pending' for tolling purposes between the expiration of the forty-five day period and his filing of late notice of appeal") (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420–24, 423 n.6 (3d

Cir. 2000); *Thompson v. Admin. N.J. State Prison*, 701 F. App'x 118, 121–123 (3d Cir. 2017)). Certification was denied on the first PCR petition on November 14, 2014, after which the clock on the limitations period began to run again. *Shannon*, 220 N.J. 98, 103 A.3d 265.[1] At that point, 352 days had run on the habeas limitation period.

Shannon filed his third PCR petition on January 13, 2015, 60 days after certification was denied on Shannon's first PCR petition.[2] At this point, the clock had run for 412 days (352 plus 60), so the one-year limitations period had thus expired 47 days earlier. However, Shannon did not file his habeas petition until March 13, 2020, 1,933 days after the expiration of the one-year limitations period. Absent equitable tolling, therefore, Shannon's habeas petition is untimely.

The statute of limitations is non-jurisdictional and thus can be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645–649 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. District courts "should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir.

---

[1] As the second PCR was filed and denied during the pendency of the appeal on the first PCR petition, it does not impact the timeliness analysis.

[2] The third PCR petition did not toll the limitations period because it was filed after the limitations period had expired. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *Campbell v. New Jersey*, No. 16-3086, 2017 WL 5593778, at *3 (D.N.J. Nov. 21, 2017) ("A timely PCR petition filed during the one year period will suspend its running; it will not, however, revive a one year period that has already expired."); *Gray v. Att'y Gen. of New Jersey*, No. 21-5197, 2022 WL 3337754, at *2 (D.N.J. Aug. 12, 2022) ("[S]tatutory tolling . . . is of no aid to Petitioner as he did not file his state court PCR petition until June 2017, over two months after the expiration of his one year limitations period.").

2005) (internal citations omitted). Here, Shannon has failed to present any basis for equitable tolling, and I find no support in the record for it. His petition is therefore time barred.

In sum, Shannon filed his habeas petition more than 5 years after the expiration of the one-year limitations period, and he has suggested no basis for equitable tolling. Accordingly, his petition must be dismissed as untimely, and the State's motion to dismiss is granted.

## IV.   Certificate of Appealability

An appeal may not be taken from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability stating that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. I will deny a certificate of appealability because jurists of reason would not find it debatable that this petition is untimely.

## V.   CONCLUSION

For the reasons stated above, the State's motion to dismiss (DE 5) is granted, Shannon's petition (DE 1) is dismissed, and a certificate of appealability is denied. An appropriate order follows.

DATED:  March 30, 2023

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge