**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTWAN SHANNON,<br><br>Petitioner,<br><br>v.<br><br>BRUCE DAVIS, et al.,<br><br>Respondents. | Case No. 2:20-cv-02901 (BRM)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on Petitioner Antwan Shannon's ("Petitioner") "Motion to File Appeal as Within Time" (ECF No. 31-6) pursuant to Federal Rule of Appellate Procedure ("Rule") 4. Petitioner is a state prisoner present incarcerated at New Jersey State Prison, Trenton, New Jersey. (*See* ECF No. 1.) Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 13, 2026. (*Id.*)

On June 20, 2022, Respondents filed a motion to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(1). (ECF No. 5.) On March 20, 2023, after two extensions to the time to file an opposition, the Court entered an Order granting Respondents' motion to dismiss and dismissed the habeas petition as untimely. (*See* ECF Nos. 10, 11; *see also* ECF Nos. 7, 9 (extending time to oppose).) That same day, Petitioner filed his third request to extend the time to oppose the motion to dismiss (ECF No. 12.) On April 26, 2023, the Court vacated the March 20, 2023 Order, granted Petitioner "one final extension," and advised Petitioner the March 20, 2023 Order would be reinstated if he failed to file an opposition within the time allotted. (ECF No. 15.) On August 7, 2023, receiving no opposition, the Court reinstated the March 20, 2023 Order. (ECF No. 18; *see also* ECF Nos. 19, 21 (subsequently requesting additional extensions).)

On August 23, 2023, Petitioner filed a motion to alter or amend the August 7, 2023 Order reinstating the March 20, 2023 Order pursuant to Federal Rule of Civil Procedure 59(e). (*See* ECF No. 23.) The Court denied the motion to alter or amend on September 22, 2023. (ECF No. 24.)

On July 20, 2024, Petitioner filed a notice of appeal of the September 22, 2023 Order. (ECF No. 29.) Petitioner subsequently filed the "Motion to File Appeal as Within Time" on August 14, 2024. (ECF No. 31-6.)

Under Rule 4, extensions of time to file a notice of appeal are "limited and exceptional." *Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 355 (3d Cir. 2011). Rule 4(a)(1)(A) provides, in a civil action, a notice of appeal must be filed within thirty (30) days after the entry of the appealed judgment or order. *See* Fed. R. App. P. 4(a)(1)(A). This time limit is "mandatory and jurisdictional." *Rose v. Baehr*, 790 F. App'x 485, 487 (3d Cir. 2019) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). However, the district court may extend the time to file the notice of appeal if the party appealing the judgment or order: (i) moves to extend the time to file no later than sixty (60) days after entry of the appealed judgment or order; and (ii) demonstrates either excusable neglect or good cause in support of same. *See* Fed. R. App. P. 4(a)(5)(A). However, no extension may be granted extending the time to file the notice of appeal more than either sixty (60) days after the date the appealed judgment or order was entered or fourteen (14) days after the date the order granting the motion to extend the to file is entered, "whichever is later." *Id.*

Here, Petitioner filed his notice of appeal 302 days after the appalled order was entered on July 20, 2024. (*Compare* ECF No. 24, *with* ECF No. 29.) The "Motion to File Appeal as Within Time" was then filed 25 days later, 327 days after the appealed order was entered. (*See* ECF No. 31-6.) As the "Motion to File Appeal as Within Time" was untimely filed, the Court cannot grant

the motion as a matter of law. *See* Fed. R. App. P. 4(a)(5)(A); *see also Rose*, 790 F. App'x at 487 (holding this time limit is "mandatory and jurisdictional").

Accordingly, for the reasons set forth above, and for good cause appearing,

**IT IS** on this 31th day of August 2026,

**ORDERED** that the "Motion to File Appeal as Within Time" (ECF No. 31-6) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**